IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AZAT ALIMOV,<br><br>*Petitioner*,<br><br>v.<br><br>LEONARD ODDO,<br><br>*Respondent*. | Civil Action No. 3:26-cv-126<br><br>Hon. William S. Stickman IV |

**MEMORANDUM ORDER**

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 3). Petitioner, a citizen of Turkmenistan, is currently detained at Moshannon Valley Processing Center ("MVPC"). He entered the United States on or about April 15, 2024, at the Port of Entry in Hidalgo, Texas without legally required U.S. immigration documents. He was paroled into the United States that day. On January 18, 2025, Petitioner was arrested by the Brentwood Police Department and charged with retail theft. (ECF No. 10-1 at 3); (ECF No. 10-4). That charge was withdrawn on or about February 26, 2025. (ECF No. 10-1 at 3). On November 17, 2025, the Brentwood Police Department charged Petitioner with simple assault. (ECF No. 10-1 at 3); (ECF No. 10-4). That charge remains pending. (ECF No. 10-1 at 4). Petitioner was taken into custody by U.S. Immigrations and Customs Enforcement on December 9, 2025. He seeks immediate release, or, an order from the Court directing a bond hearing before an immigration judge.

The Laken Riley Act mandated that immigration authorities detain aliens who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, S. 5, 119th Cong. (2025). 8 U.S.C. § 1226(c) now provides that

the Attorney General "***shall*** take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018). The Supreme Court has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted).

Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) due to entering the United States without inspection and permission and without valid visa documents. (ECF Nos. 10-1 and 10-2). His arrests (retail theft and simple assault) provide for his mandatory detention under § 1226(c) during removal proceedings. The Court holds that Petitioner's detention pursuant to § 1226(c) without bond has not become unreasonable and does not violate due process.

The Court finds that the Government has not unreasonably delayed pursing removal proceedings. Petitioner was arrested on December 9, 2025, and he has been detained a little over two months. In proceedings before the immigration judge ("IJ") on January 21, 2026, Petitioner apparently admitted to the factual allegations in the April 19, 2024, Notice to Appear. (ECF No. 10-3 at 4). The charges of removability were sustained and Turkmenistan was designated as the country of removal. (*Id*.). The individual hearing before the IJ then occurred on February 3, 2026, and Petitioner was ordered to be removed to Turkmenistan. (*Id*. at 6). Petitioner's appeal to the Bureau of Immigration Appeals is due by March 4, 2026. (*Id*.). The Court holds that his immigration proceedings have moved forward at a normal rate, without delay.

Petitioner is not being detained in a prison alongside convicted criminals. He is being housed at MVPC, which only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center*. *See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/*. His detention there will terminate upon the conclusion of removal proceedings.

The Court concurs with Respondent that, Petitioner's "ongoing detention 'serve[s] [the] purported immigration purpose' for which 8 U.S.C. § 1226(c) was enacted as his detention prevents him from engaging in further criminal activity that rendered him subject to Section 1226(c). Further, his detention protects against flight as [Petitioner] faces deportation from the United States." (ECF No. 10, p. 21). For these reasons, the Court holds that Petitioner's mandatory detention pursuant to § 1226(c) is reasonable and does not violate due process.

AND NOW, this 12th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 3) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE